FILED 19 DEC 26 15:41 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PACCAR FINANCIAL CORP., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SISKIYOU CASCADE RESOURCES, LLC, an Oregon LLC, CASWELL THOMPSON LLC, an Oregon LLC, and JOEL CASWELL, and individual,<br><br>Defendants. | Case No.: 1:19-cv-01962-CL<br><br>DEFENDANTS SISKIYOU CASCADE RESOURCES, LLC AND JOEL CASWELL'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE PLAINTIFF PACCAR FINANCIAL CORP'S COMPLAINT |

Defendant Siskiyou Cascade Resources, LLC, and Joel Caswell respond to the PACCAR plaintiff's allegations stated in their complaint as set forth below. References to paragraphs in this Answer are references to numbered paragraphs in the Complaint.

1. Defendants lack the knowledge sufficient to admit or deny the allegations specific to the named plaintiff in paragraph 1.1.

2. Defendants deny the allegations of paragraphs 1.2, 1.3, 1.4, 1.5, and 1.6.

3. Defendants admit the allegations of paragraphs 2.1 and 2.2.

PAGE - 1
DEFENDANTS SISKIYOU CASCADE RESOURCES, LLC AND JOEL CASWELL'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE PLAINTIFF PACCAR FINANCIAL CORP'S COMPLAINT

4. Defendants admit that Siskiyou Cascade Resources, LLC agreed to lease four commercial vehicles from PACCAR. Defendants deny that description of the vehicles in paragraph 2.3 is the description listed in the lease agreements. Defendants deny that the term of each lease was sixty (60) months.

5. Defendants admit the allegations of paragraph 2.4, and 2.5.

6. Defendants deny the allegations of paragraph 2.6, 2.7, and 2.8.

7. Defendants lack the knowledge sufficient to admit or deny the allegations specific to the UCC-1 filing in paragraph 2.9. Defendant Siskiyou Cascade Resources, LLC leased the equipment described in the UCC-1 filing from Caswell Thompson LLC.

8. Defendants lack the knowledge sufficient to admit or deny the allegations in paragraph 2.10.

9. Defendants deny the allegations of paragraph 2.11

10. In response to paragraph 2.12, Defendants admit the following: At all times subsequent to PACCAR's desire to sell the equipment described in the lease agreements between PACCAR and Siskiyou Cascade Resources, LLC; Defendants have actively supported that sale. Defendants believe that the value of the equipment leased from PACCAR is in excess of the amounts remaining payable to PACCAR under the lease agreement.

## RESPONSE TO THE PLAINTIF'S FIRST CLAIM FOR RELIEF

**Breach of Contract (against Defendants Siskiyou Cascade and Caswell)**

11. Defendants reallege and incorporate the preceding paragraphs.

12. Defendants deny the allegations of paragraph 3.1

PAGE - 2
DEFENDANTS SISKIYOU CASCADE RESOURCES, LLC AND JOEL CASWELL'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE PLAINTIFF PACCAR FINANCIAL CORP'S COMPLAINT

13. In response to paragraph 3.2, Defendant Siskiyou Cascade Resources, LLC admits that it failed to make payments when due. Defendant Joel Caswell has not had the opportunity, nor has it been requested that he make the payments as guarantor.

14. Defendants individually and collectively deny the allegations of paragraph 3.3. If Plaintiff PACCAR had been damaged, any amount could not be reasonably determined until the equipment described in the lease agreement between Siskiyou Cascade Resources, LLC and PACCAR has been sold. Based on information and belief, no part of that equipment has been sold by PACCAR.

## RESPONSE TO THE PLAINTIF'S SECOND CLAIM FOR RELIEF

### Uniform Fraudulent Transfer Act (Against all Defendants)

15. Defendants reallege and incorporate the preceding paragraphs.

16. Defendants deny the allegations of paragraphs 3.4, 3.5, and 3.6. Prior to being held by Caswell Thompson LLC, the security interest in the equipment described in the UCC-1 filing was held by Rogue Credit Union.

### GENERAL RESPONSES

17. Any factual allegations requiring a response, and not specifically admitted, are denied.

18. Defendant Siskiyou Cascade Resources, LLC at all times cooperated with PACCAR as Siskiyou Cascade Resources, LLC attempted to terminate the leases and/or negotiate other terms. PACCAR acted with the utmost duplicity and unprofessionalism.

# OTHER DEFENSES AND AFFIRMATIVE DEFENSES

## FIRST DEFENSE

### (Failure to State a Claim)

19. Plaintiff's complaint fails to state claims upon which relief can be granted.

20. Plaintiff PACCAR has not provided any evidence whatsoever for its claim for damages in the principle amount of $241,843.57.

## SECOND DEFENSE

### (Lack of Jurisdiction)

21. Plaintiff PACCAR has not provided any evidence whatsoever for its claim for damages in the principle amount of $241,843.57. There is no reasonable likelihood that any disputed amounts could be in excess of $75,000 therefore the court does not have jurisdiction under 28 USC 1332.

## THIRD DEFENSE

### (Unclean Hands)

22. Plaintiff PACCAR has repeatedly acted in bad faith with duplicity and unprofessionalism. These acts were perpetrated by various individuals including attorneys acting on behalf of PACCAR. Plaintiff cannot now complain about purported acts in the same transaction or proceeding relating to the process.

## COUNTERCLAIM

### (Attorney Fees; 42 USC 1988(b) and the Court's Inherent Power)

PAGE - 4
DEFENDANTS SISKIYOU CASCADE RESOURCES, LLC AND JOEL CASWELL'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE PLAINTIFF PACCAR FINANCIAL CORP'S COMPLAINT

23. The Supreme Court has established a high hurdle for prevailing defendants to clear before being awarded attorney's fees under 42 USC 1988, but that hurdle is not insurmountable. When a plaintiff and their attorney file a lawsuit with claims that are without foundation and lacking any objectively reasonable basis, defendants are entitled to recover attorney fees from the plaintiff. And, under the court's inherent power, the court may find that the plaintiff's counsel's actions warrant the defendants to recover those fees from the plaintiff's counsel in the alternative. This is such a case.

24. Specifically, at least the following allegations in the plaintiff's complaint are frivolous, unreasonable, and lacking any objectively reasonable foundation (*see* Complaint, paragraph 3.3, 3.5, 3.6, 4.1, 4.2, 4.3)

   a. The allegation that the Plaintiff has damages in the principle amount of $241,843.57.

   b. The allegation that the acts of the Defendants constitute violations of the Uniform Fraudulent Transfer Act.

   c. The allegation that the Plaintiff is entitled to an order declaring the UCC-1 filing as void.

   d. The allegation that the Plaintiff is entitled to prejudgment attachment of the "Trailers".

   e. The Plaintiff's request for Injunctive relief prohibiting transfers or encumbrances.

   f. The Plaintiff's request for Levy and execution on the Trailers and other assets.

PAGE - 5
DEFENDANTS SISKIYOU CASCADE RESOURCES, LLC AND JOEL CASWELL'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE PLAINTIFF PACCAR FINANCIAL CORP'S COMPLAINT

g. The Plaintiff's request for a judgment against Defendant Caswell Thompson LLC.

25. Plaintiff's claims are frivolous, unreasonable, and without foundation.

26. Defendants has incurred and will continue to incur reasonable attorney's fees to defend this matter. Defendants individually or collectively are entitled to recover reasonable attorney fees from the plaintiff, or in the alternative, from plaintiff's counsel.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the plaintiff's complaint, defendants pray as follows:

1. That the court dismiss plaintiff's complaint;
2. That the court enter judgement in favor of the defendants;
3. That defendants recover their attorney fees, costs, and disbursements incured herein; and
4. That defendants be granted such other and further relief as the court deems just and equitable.

DATED this 26th day of December, 2019

SISKIYOU CASCADE RESOURCES, LLC

JOEL CASWELL, CEO
16 N Riverside Ave
Box 4, Suite 214
Medford, OR 97501
(541) 951-5065

PAGE - 6
DEFENDANTS SISKIYOU CASCADE RESOURCES, LLC AND JOEL CASWELL'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE PLAINTIFF PACCAR FINANCIAL CORP'S COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December, 2019, I served a true copy of the foregoing defendants' answer, affirmative defenses, and counterclaim on:

Joseph A. Grube
Breneman Grube Orehoski, PLCC
1200 Fifth Avenue, Suite 625
Seattle, WA 98101
*Of Attorneys for Plaintiff PACCAR Financial Services, Corp*

/////

/////

_____ **CM/ECF system transmission.**

_____ **E-mail** As required by Local Rule 5.2, any interrogatories, requests for production, or request for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

_____ **Facsimile communication device.**

\_\_X\_\_ **First-class mail, postage prepaid.**

_____ **Hand-delivery.**

_____ **Overnight courier, delivery prepaid.**

DATED this 26th day of December 2019.

SISKIYOU CASCADE RESOURCES, LLC

_____
JOEL CASWELL, CEO

CERTIFICATE OF SERVICE - 2