IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PACCAR FINANCIAL CORP., a
Washington Corporation,

        Case No. 1:19-cv-01962-CL

        OPINION AND ORDER

Plaintiff,

v.

SISKIYOU CASCADE RESOURCES
LLC, an Oregon LLC, CASWELL
THOMPSON LLC, an Oregon LLC, and
JOEL CASWELL, an individual,

Defendants.

---

CLARKE, Magistrate Judge.

Plaintiff moves the Court for a default judgment against the remaining defendants, Siskiyou Cascade Resources, LLC, and Joel Caswell. Full consent to magistrate jurisdiction was obtained on May 12, 2020, though due to an oversight it was not processed and recognized on the docket until December 19, 2024 (#52). For the reasons below, Plaintiffs' Motion for Default Judgement (#50) is GRANTED.

Page 1 of 9 – OPINION AND ORDER

## BACKGROUND[1]

In this action, Plaintiff PACCAR Financial Corporation (PACCAR), seeks to enforce two Equipment Lease Agreements and their attached schedules. PACCAR claims that Defendant Siskiyou Cascade agreed to lease four commercial vehicles for six months, and that Defendant Caswell Thompson personally guaranteed the agreements. The Defendants then breached the agreements by failing to pay the amounts due under the lease. Plaintiff claims that when PACCAR took possession of three of the vehicles, some of them had trailers attached, which required PACCAR to expend additional funds to detach them.

PACCAR also claims that Defendants failed to return the fourth vehicle, until PACCAR was forced to use a contracted recovery agent to reclaim the vehicle. However, before recovery, Defendants attempted to record UCC-1 security interest in the trailers, which were attached to the vehicles, listing Defendant Siskiyou Cascade as the debtor, and Defendant Casewell Thompson as the creditor. Plaintiff PACCAR asserts that the purpose of the UCC-1 was to hinder, delay, or defraud Plaintiff and other creditors.

Based on these allegations, Plaintiff's Complaint was filed on December 3, 2019, bringing claims of breach of contract and violations of the Uniform Fraudulent Transfer Act. Plaintiff's Prayer for Relief requests:

1. Entry of judgment against the Defendants in the principal amount of $241,843.57.
2. A declaration that the UCC-1 filing statement is void and of no affect.
3. Granting a judgment against Defendant Caswell Thompson for the amount due to Plaintiff, or n the amount of the value of the property at the time of the transfer.
4. An award of Plaintiff's reasonable attorneys' fees and costs.
5. Prejudgment interest from the date of commencement of this action through the date of judgment.
6. Post-judgment interest.

---

[1] Facts in this section are as alleged in the Complaint (#1) and the attached exhibits and are assumed to be true for the purposes of this motion and opinion.

The defendants filed Answers (#14, #15) on December 26, 2019, and January 27, 2020, but Plaintiff filed a motion to strike because the corporate defendants were not represented by counsel. Counsel for defendants later appeared, and an Amended Answer was filed on February 27, 2020. On March 10, 2020, a telephonic Rule 16 Conference was held and case scheduling dates were set. On September 14, 2020, the parties stipulated to a dismissal with prejudice as to Plaintiff's Second Claim for Relief (Uniform Fraudulent Transfer Act), as well as two of the defendants' counterclaims for conversion against PACCAR.

After the notice of dismissal, the case lapsed into inactivity, and all deadlines passed. In March 2022, the Court set a telephonic scheduling conference to check in with the parties. On April 6, 2022, the attorney for the defendants, Matthew Rowan, filed a motion to withdraw, which the Court granted. The Court then Ordered the defendants to obtain new counsel within 30 days or otherwise appear to the extent possible. The corporate defendants were informed that they must be represented in order to proceed with their defense. Multiple scheduling conferences were then set and ultimately abated due to the defendants' non-appearance. On November 29, 2022, the Court entered an Order to Show Cause, which stated:

> Defendants Joel Caswell and Siskiyou Cascade Resources, LLC, are ordered to Show Cause in Writing by 12/29/2022 for why they have not complied with the Court's Order of 04/14/2022 and for why they have failed to appear and defend this case. Failure to appear and show cause by 12/29/2022, will result in default being entered against one or both defendants.

On January 12, 2023, the Court entered the following minute order:

> Defendants have failed to comply with the Courts Order of 4/14/2022 41, and they have failed to appear and show cause as to why default should not be entered against them, as instructed by the Courts Order of 11/29/2022 45 . Therefore, the Clerks Entry of Default will be entered against both defendants under FRCP 55(a). Plaintiff may move for Default Judgment under FRCP 55(b).

The Clerk's Entry of Default was entered, as ordered, on January 12, 2023. Plaintiff filed for default judgment on September 27, 2024.

## LEGAL STANDARD

The decision to grant or deny a motion for default judgment is within the discretion of the court. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986). In exercising its discretion, the court must consider seven factors, often referred to as the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, a plaintiff's well-pleaded allegations of fact regarding liability, except allegations relating to the amount of damages, will be taken as true. *Geddes v. United Fin-Group*, 559 F.2d 557, 560 (9th Cir. 1978). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (internal citation omitted). Relief for cases of default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(c).

## DISCUSSION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because plaintiff is a citizen of a different state from all defendants and the amount in controversy exceeds $75,000. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in this district and judicial division, and all parties are subject to this Court's personal jurisdiction.

I.    **The *Eitel* factors weigh in favor of entering default judgment against the Defendants.**

The *Eitel* factors weigh in favor of granting the motion for default judgment.

a. **The possibility of prejudice to Plaintiff weighs in favor of default judgment.**

First, if default judgment were denied, Plaintiff would be denied a legal remedy against the defaulting Defendants for their allegedly unlawful actions and "would be left without a remedy given defendant's failure to appear and defend themselves." *J & J Sports Prods., Inc. v. Frei*, No. 4:12-cv-0127-BLW, 2013 WL 3190685, *1 (D. Idaho Jun. 21, 2013).

b. **The sufficiency of the complaint and the merits of Plaintiffs' substantive claims also weigh in favor of default judgment.**

Next, Plaintiff's Complaint sufficiently states a claim for relief, thus meeting the second, and third *Eitel* factors. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating the second and third factors require a plaintiff's allegation "state a claim on which the [plaintiff] may recover"). Because the Clerk of the Court has entered default, the well-pleaded allegations of the complaint are taken as true and are binding against the defaulting party. *Garcia v. Pacwest Contracting LLC*, 2016 WL 526236, 1 (D. Or. Feb 9, 2016) (*citing Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, the question is whether Plaintiff is entitled to recover on the facts set forth in the Complaint. The Court concludes that Plaintiff is so entitled. Plaintiff has adequately stated a claim for relief for breach of contract.

c. **The possibility of a dispute concerning material facts weighs in favor of granting default judgment.**

As discussed above, the defendants in this case have been properly served and have appeared, but now refuse to appear and defend the case. Without a defense presented by the defaulting defendants, or any other countervailing evidence, and because all well-pleaded allegations of the complaint are deemed true after entry of default, there is "no likelihood that any genuine issue of material fact exists" after default has been entered. *Elektra Entm't Grp. Inc*

*v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). This factor weighs in favor of granting default judgment.

### d. The sum of money at stake in the action weighs in favor of granting default judgment.

"One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake." *J & J Sports Prods., Inc. v. Rafael*, No. CIV S-10-1046 LKK GGH, 2011 WL 445803, at *2 (E.D. Cal. Feb 8, 2011). Under this factor, a court considers the sum of money "in relation to the seriousness of [the defendant's] conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, Plaintiff seeks damages in the amount of $241,843.57 plus attorney fees and prejudgment interest. This sum of money weighs in favor of granting Plaintiff's motion.

### e. No evidence suggests default was due to excusable neglect; this factor weighs in favor of granting default judgment.

No evidence exists to suggest the defendants' failure to appear after the withdrawal of their attorney was due to excusable neglect. Defendants were given multiple notices, ample time to retain a new attorney, opportunities to appear, and finally an Order to Show Cause. The only possible conclusion is that the defendants intentionally chose not to appear and defend this case. Therefore, this factor weighs in favor of granting default judgment.

### f. Policy favors a decision on the merits of the case; this factor weighs against default judgment.

The one factor that weighs in favor of the defendants, and against default judgment, is the strong policy favoring decisions on the merits. However, this factor, without more, is not sufficient to preclude default judgment. "Although 'cases should be decided upon their merits whenever reasonably possible,' 'the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive.'" *Garcia v. Pacwest Contracting LLC*, 2016 WL

526236, at *4 (D. Or. Feb. 9, 2016) (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177). Here, the defendants' "failure to defend against [Plaintiff's] claims makes a decision on the merits impossible. Accordingly, the policy favoring decision on the merits does not preclude the Court from entering default judgment against [the defendants]." *Id.*

### g. Conclusion

The *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment because the only factor that weighs against default judgment is the final, policy factor, which is not dispositive. Without an appearance by the defendants and their side of the facts or any other countervailing evidence, the factors weigh in Plaintiff's favor, and the Court cannot find a reason to deny the motion for default judgment.

## II.    Plaintiff's request for damages and attorney fees is granted.

Rule 54(c) of the Federal Rule of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiff's Complaint includes a prayer for relief requesting payment of damages in the amount of $241,843.57, plus pre-judgment interest from December 3, 2019, and post-judgment interest, attorney fees, associated costs, and expenses. This prayer for relief should be granted.

As the exact amount due is ascertainable by simple computation, Plaintiff is entitled to prejudgment interest on the amount of the judgment, at the statutory rate of nine percent (9%). ORS 82.010(1). The total amount of prejudgment interest requested ($109,957.72)[2] is calculated as follows:

---

[2] The raw number included here is slightly different than the one actually requested, as Plaintiff erred in the original date of filing, claiming the Complaint was filed on December 1, 2019, instead of December 3, 2019. In addition, several months have passed since the motion was filed. The Court can take judicial notice of the actual number of days that have passed, and use the formula provided by Plaintiff to calculate the number referenced here.

Page 7 of 9 – OPINION AND ORDER

> The Complaint alleges that of the $241,843.57 was due as of the date of the filing of the Complaint, December 3, 2019,.
> The Court may take judicial notice that 1,844 days have elapsed between December 1, 2019, and today.
> Prejudgment interest on this amount calculates to $59.63 per day (($241,843.57 *.09) / 365).
> The total amount of prejudgment interest is calculated as $59.63 x 1,844 = $109,957.72.

As for the attorney fee award, the signed Agreement which is the subject of this lawsuit contains a prevailing party attorney fee clause and was attached to the Complaint (#1). The prevailing party attorney fee clause is located at page 29 (¶ 30) and provides, in part:

In the event of litigation concerning this Agreement, the prevailing party shall be entitled to recover its costs and expenses, including reasonable attorney's fees. Plaintiff counsel submitted a declaration requesting 39 hours, billed at his former client billing rate of $300/hour, for a total of $11,700.00. The Court finds that these hours and this rate is reasonable under the circumstances, considering the Oregon State Bar average rates for this time period, the amount of work done in this case, and the favorable result obtained for his client.

As for the costs and fees, Plaintiff counsel's declaration requests $585 in costs, which includes the filing fee of $400 and service of process of $185, and the Court finds these reasonable.

## ORDER

For the reasons above, the Court orders that Plaintiff's Motion (#50) be GRANTED. Default Judgment will be entered in favor of Plaintiff PACCAR FINANCIAL CORP, and against Defendants SISKIYOU CASCASE RESOURCES LLC and JOEL CASWELL.

The amount of the judgment shall include the $241,843.57 prayer for relief and $109,957.72 pre-judgment interest. Plaintiff shall also be entitled to $11,700.00 in attorney fees and $585.00 in reasonable costs and expenses.

IT IS SO ORDERED and DATED this 20 day of December, 2024.

_____
MARK D. CLARKE
United States Magistrate Judge